IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>$42,400.00 IN UNITED STATES CURRENCY,<br><br>　　　　　　Defendant. | Civil No. 8:15CV344<br><br>**COMPLAINT FOR FORFEITURE *IN REM*** |

COMES NOW the Plaintiff, United States of America, and for its cause of action against the Defendant, states and alleges as follows:

## Nature of the Action

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

## The Defendant *In Rem*

2. The Defendant property consists of $42,400.00 in United States currency seized from Dominick Lopez on March 28, 2015, during a traffic stop on westbound Interstate 80 at mile marker 363. It is presently in the custody of the U.S. Marshals Service at Omaha, Nebraska.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881.

4. This Court has *in rem* jurisdiction over the Defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for the Forfeiture

6. The Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## Facts

7. On March 28, 2015, at approximately 1:53 p.m., Trooper Rob Pelster of the Nebraska State Patrol conducted a traffic stop on a maroon Dodge Caravan with Colorado plates after he observed the vehicle exceeding the posted speed limit. The traffic stop occurred on westbound Interstate 80 near mile marker 363. Claimant Dominick Lopez was the driver and sole occupant and was identified via this California driver's license. Lopez also produced a rental agreement listing him as the renter of the vehicle.

8. Trp. Pelster explained the reason for the stop and noticed a lot of cargo in the minivan. Trp. Pelster asked Lopez to come back to his police cruiser with him. Once back at the cruiser, Trp. Pelster asked Lopez where he was traveling. To this Lopez replied that he was

traveling to Nebraska. Trp. Pelster explained that Lopez was already in Nebraska and asked where specifically in Nebraska Lopez was headed. Lopez answered that he was going "downtown". At this point in the conversation, Trp. Pelster noticed beads of sweat on Lopez's face and forehead.

9. Trp. Pelster again asked Lopez where he was travelling and Lopez again answered "downtown Nebraska". Lopez stated he was visiting his cousin. Immediately after saying this, Lopez changed his answer to visiting an individual named David. According to Lopez, he was going to meet this David by the stadium. Trp. Pelster asked if he was referring to the stadium in Lincoln, Nebraska to which Lopez answered he was. Trp. Pelster then advised Lopez that he had already passed Lincoln.

10. Lopez stated that he was a felon and was arrested for being a "strong arm." In conducting a records check of Lopez, Trp. Pelster learned from Lincoln Communications that Lopez had a previous history for weapon and drug offenses.

11. Trp. Pelster handed Lopez back his documents, including a summons for speeding. Trp. Pelster asked Lopez if he had drugs, guns, or large amounts of cash in car. Lopez denied having any of these things in the car and admitted that he was responsible for everything in the vehicle. Trp. Pelster asked for permission to search Lopez's vehicle. Lopez denied consent to search. Trp. Pelster then advised that he was going to call a canine unit. At this point, Lopez admitted he had personal use marijuana in the car.

12. Trp. Pelster conducted a probable cause search of Lopez's car. During the search, Trp. Pelster located a baggie of marijuana on the floor board next to the driver's seat. Trp. Pelster continued to search the vehicle and located three rubber banded bundles of United States

Currency located in the rear quarter panel of the vehicle. All three bundles were in a plastic Ziploc-style bag. The three bundles constituted a total of $42,400. Four cell phones were also located in the vehicle.

13. The currency found in the vehicle was transported to the Nebraska State Patrol Traffic Office. Once the currency was at the traffic office, Lincoln communications called Sergeant Dan Hicks of the Nebraska State Patrol and his trained and certified canine to perform a discretionary sniff of the currency. The currency was placed in a filing cabinet. Sgt. Hicks did not know the location of the currency in the room. Once Sgt. Hicks deployed his canine, the canine alerted and indicated to the filing cabinet where the currency had been placed.

14. On April 8, 2015, officers obtained a search warrant from Seward County to search the four cell phones seized in Lopez's car. On April 20, 2015, Investigator Wiley of the Nebraska State Patrol searched the Samsung SAMCH-U365 phone. Inv. Wiley observed text messages on that phone which discussed prices, "cherry pie kush", and "gnar bud." On April 27, 2015, Investigator Wiley searched another of the four cell phones described as a Samsung SM-G900V. On this phone Inv. Wiley located text messages which stated "Want to smoke hit me up" and "Want to burn one".

## Claim for Relief

WHEREFORE, the Plaintiff, United States of America, prays that the Defendant property be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant property be condemned, as forfeited, to the United States of America and disposed of according to law and regulations; that the costs of this action be assessed against the Defendant property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

DEBORAH R. GILG
United States Attorney

By: _____ 9/18/15
DOUGLAS J. AMEN (#25202)
Special Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Tel: (402) 661-3700
Fax: (402) 345-5724
E-mail: douglas.amen@usdoj.gov

## VERIFICATION

STATE OF NEBRASKA      )
                       ) ss.
COUNTY OF DOUGLAS      )

Pursuant to Rule C(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Special Assistant United States Attorney for the District of Nebraska, Douglas J. Amen, being first duly sworn, deposes and states the facts set forth herein are true and correct according to the best of her knowledge and belief.

DOUGLAS J. AMEN (#25202)
Special Assistant U.S. Attorney

Subscribed and sworn to before me this 18th day of September, 2015.



Notary Public

Pursuant to the rules of this Court, the United States of America hereby requests the trial of the above and foregoing action be held in Omaha, Nebraska, and be calendared accordingly.

DOUGLAS J. AMEN
Special Assistant U.S. Attorney